IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| WILLIAM HOLLOWELL, § § Plaintiff, § § v. § § HELMERICH & PAYNE § INTERNATIONAL DRILLING CO., § § Defendant. § | Civil Action No.: _____ Judge: _____ |

## NOTICE OF REMOVAL

Defendant Helmerich & Payne International Drilling Co. ("H&P IDC" or "Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446, hereby files this Notice of Removal to this Court of the action commenced against it in the 37th Judicial District Court of Caldwell Parish, Louisiana, styled *William Hollowell v. Helmerich and Payne International Drilling Company*; Docket No. 30826 ("Lawsuit"). Defendant files this Notice of Removal with full reservation of any and all rights, defenses, and objections, including but not limited to insufficiency of process, insufficiency of service of process, lack of personal jurisdiction, improper venue, no right of action, lack of standing, prescription, preemption, and no cause of action.[1] Defendant does not acknowledge any liability, but specifically denies Plaintiff William Hollowell ("Plaintiff") has any right to recover any damages. In support of this removal, Defendant shows to the Court the following:

---

[1] For the avoidance of doubt, by filing this Notice of Removal, H&P IDC does not waive its right to respond to the Original Petition or otherwise defend against this action. H&P IDC expressly does not admit or concede the veracity of any allegations contained in Plaintiff's Original Petition. H&P IDC further specifically reserves and does not waive its rights, including but not limited to enforcement of any requirement regarding preliminary exhaustion of administrative rights.

## I.   PLEADINGS, PROCESSES, AND ORDERS

1. On or about August 4, 2023, Plaintiff filed the Lawsuit, naming H&P IDC as a defendant. A copy of the Petition and Citation are attached hereto as **Exhibit A**.

2. Service of Plaintiff's Petition for Damages ("Petition") and Citation was effectuated on H&P IDC on August 14, 2023 (*see* Notice of Service of Process on H&P IDC, attached hereto as **Exhibit B**).[2]

3. Accordingly, this Notice of Removal is filed within thirty (30) days of Defendant's receipt of a copy of the Citation and Plaintiff's Petition, and is timely under 28 U.S.C. § 1446(b).

## II.   DIVERSITY OF CITIZENSHIP JURISDICTION AND VENUE

4. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and further, the parties are a citizen of a state and a subject of a foreign state. Plaintiff's Petition states that Plaintiff is domiciled in the State of Louisiana. H&P IDC was, at the time of the filing of this action, and still is, incorporated under the laws of the State of Delaware, having its principal place of business in Oklahoma.

5. The United States District Court for the Western District of Louisiana, which is the district court for the United States for the district and division embracing the place where the action is pending (that is, Caldwell Parish, Louisiana), has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

---

[2] In further compliance with 28 U.S.C. § 1446(a), Defendant attaches a copy of correspondence sent to the Caldwell Parish Clerk of Court, requesting a certified copy of the entire state court record, as **Exhibit C.** At the time of the filing of this Notice of Removal, Defendant has not yet received the requested copy of the certified state court record. Upon its receipt thereof, Defendant will supplement its Notice of Removal by submitting a copy of the entire state court record to this Court pursuant to 28 U.S.C. § 1477(b).

6. There is complete diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff is not a citizen of the same state as any Defendant.

### III. AMOUNT IN CONTROVERSY IN EXCESS OF $75,000

7. The amount in controversy exceeds $75,000, exclusive of costs and interest, and is therefore proper in this Court under 28 U.S.C. § 1332(a)(1). Plaintiff has sued Defendant for alleged "retaliatory discharge in violation of Louisiana Revised Statute 23:1361." Ex. A, at Petition ¶ 8. Plaintiff seeks to recover "up to one year[']s wages, the sum of $68,900.00 (based on his average weekly wage of $1,325.00) together with reasonable attorney fees[.]" Ex. A, at Petition ¶ 9.

8. Notably, "[i]f a state statute provides for attorney's fees, such fees are included as part of the amount in controversy." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (applying Louisiana law). Indeed, Louisiana Revised Statute 23:1361 provides for an award of attorneys' fees:

> Any person who has been denied employment or discharged from employment in violation of the provisions of this Section shall be entitled to recover from the employer or prospective employer who has violated the provisions of this Section a civil penalty which shall be the equivalent of the amount the employee would have earned but for the discrimination based upon the starting salary of the position sought or the earnings of the employee at the time of the discharge, as the case may be, but not more than one year's earnings, together with reasonable attorney's fees and court costs.

La. R. S. 23:1361. Thus, Plaintiff's claim for attorneys' fees must be included in the total amount in controversy.

9. Defendant can satisfy by a preponderance of the evidence that the amount of attorneys' fees awarded will likely exceed $6,100.[3] In assessing fees under the applicable

---

[3] Likewise, Plaintiff cannot establish to a legal certainty that the requisite amount in controversy is not met. *Clay v. State Farm Mut. Auto. Ins. Co.*, No. 19-263-JWD-RLB, 2019 U.S. Dist. LEXIS 188200, at *7-8 (M.D. La. Oct. 15, 2019) ("If the plaintiff alleges in the state court petition that the amount in controversy does not exceed the minimum amount required for federal diversity

retaliation statute, Louisiana courts have observed that the reasonableness of an attorney fee is largely a factual determination, based on factors such as time and labor required, the local customary fee for similar legal services, the amount involved, the results obtained, and the experience of the attorney. *Fontenot v. Flaire, Inc.*, 641 So.2d 1062, 1067 (La. App. 2d Cir. 1994) (affirming award of $5,000 in attorneys' fees on a default judgment in favor of Plaintiff for a $15,000 claim under La. R. S. 23:1361).

10.     If Plaintiff prevails in this action, it is more likely than not that the Court will award him reasonable attorneys' fees in excess of $6,100. Indeed, attorneys' fees awarded pursuant to La. R. S. 23:1361 retaliation claims often exceed $7,000. *See, e.g.*, *Smith v. Holloway Sportswear, Inc.*, 704 So. 2d 420, 423-24 (La. App. 3d Cir. 1997) (affirming award of $7,500 for attorneys' fees); *Layssard v. Procter & Gamble Mfg.*, 532 So. 2d 337, 343-44 (La. App. 3d Cir. 1988) (affirming $7,500 award for attorneys' fees); *see also Christus Health Sw. La. v. All About You Home Healthcare, Inc.*, 316 So. 3d 977, 989 (La. App. 3d Cir. 2017) (affirming award of $14,840 in attorneys' fees for workers' compensation dispute).

11.     Moreover, "[f]ee applications filed in this court, whether by a prevailing plaintiff or defendant, almost always exceed $10,000 and usually exceed $20,000." *House v. AGCO Corp.*, No. 05-1676, 2005 U.S. Dist. LEXIS 38778, at *7 (W.D. La. Dec. 14, 2005) (Hornsby, Mag. J.) (holding that defendant satisfied its burden with respect to the amount in controversy because given the aggregate payments totaling $67,000, the required jurisdictional fee estimate of approximately $8,000 was "easily within the realm of a reasonable fee" and the "fee could be less, or it could be more, but the greater likelihood (or preponderance) is that it will be more."). It is thus more likely than not that Plaintiff will incur over $6,100 in attorneys' fees, as his attorney is

---

jurisdiction, this allegation does not necessarily bar removal.") (quoting *Weber v. Stevenson*, No. 07-595, 2007 U.S. Dist. LEXIS 92016, at *2 (M.D. La. Dec. 14, 2007)).

an experienced and competent attorney. *See Daniels v. State Through Dep't of Transp. & Dev.*, 275 So. 3d 998, 1011 (La. App. 2d Cir. 2019) (awarding Plaintiff's counsel, Mr. Street, attorneys' fees of $1,500 on three hours spent drafting motion to enforce settlement agreement).

12. Thus, based on the information outlined above, Defendant has satisfied its burden by a preponderance of the evidence that the requisite amount in controversy is satisfied.

## IV.   ALL PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

13. As shown in the Notice of Service of Process attached, H&P IDC was served through its registered agent on August 14, 2023. *See* Ex. B. In accordance with 28 U.S.C. §§ 1441 and 1446(b), this Notice of Removal is timely, as it has been filed no more than thirty (30) days after service on H&P IDC and within one year of the initial filing of the suit.

14. For removal under 28 U.S.C. § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Without admitting or waiving service of process, H&P IDC is the only Defendant in this action and hereby solely files the removal of this action pursuant to 28 U.S.C. § 1446(b)(2)(A).

15. The United States District Court for the Western District of Louisiana encompasses Caldwell Parish, the parish in which the Lawsuit is now pending. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1441(a).

16. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal has been served on Plaintiff's counsel, and a Notice of Filing of Notice of Removal, attached to this Notice of Removal, has been filed contemporaneously with the Clerk of the 37th Judicial District Court of Caldwell Parish, Louisiana. The Notice of Filing of Notice of Removal is attached hereto as **Exhibit D**.

17. Pursuant to 28 U.S.C. § 1446(d), the filing of the Notice of Removal in this Court and the filing of same with the state court serves immediately to confer upon this Court exclusive jurisdiction over this action and simultaneously to divest the state court of jurisdiction with respect to the Lawsuit; and to effect the removal of the Lawsuit from the state court, which shall proceed no further unless and until the case is remanded.

18. Defendant hereby specifically reserves any and all rights to assert, as defenses to Plaintiff's Original Petition, all defenses permitted by Rule 12 of the Federal Rules of Civil Procedure, as well as all other jurisdictional, procedural and venue defenses to the merits of the action, and further specifically reserves the right to amend or supplement this Notice of Removal.

Defendant respectfully requests that all persons take notice that the Lawsuit presently pending in the 37th Judicial District Court of Caldwell Parish, Louisiana, has been removed to the United States District Court for the Western District of Louisiana, Shreveport Division, and respectfully request that no further proceedings be had in this matter in the 37th Judicial District Court of Caldwell Parish, Louisiana, and that this Court issue such other and further relief as may be just and proper.

Respectfully submitted,

_____
Gerard J. Gaudet (#35139)
gerard.gaudet@arlaw.com
Harper G. Street (#40524)
harper.street@arlaw.com
**Adams and Reese LLP**
701 Poydras Street, Suite 4500
New Orleans, LA 70139
Telephone: (504) 585-0287
Facsimile: (504) 566-0210

                **ATTORNEYS FOR DEFENDANT**
                **HELMERICH & PAYNE**
                **INTERNATIONAL DRILLING CO.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Notice of Filing of Notice of Removal was served on all counsel via email and/or overnight mail on September 5, 2023.

        C. Daniel Street
        508 North 31st Street
        Monroe, LA  71201
        cdanielstreet@yahoo.com

                                                  Gerard J. Gaudet