UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **WILLIAM HOLLOWELL** | **CIV. ACTION NO. 3:23-01206** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **HELMERICH & PAYNE INTERNATIONAL DRILLING CO.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to remand [doc. # 14] filed by Plaintiff William Hollowell. The motion is opposed. For reasons assigned below, it is recommended that the motion to remand be GRANTED.

## Background

The facts of this case are relatively straightforward. On or about March 7, 2023, William Hollowell ("Hollowell") injured his back while working in the course and scope of his employment as a floor hand with Helmerich and Payne International Drilling Company ("Helmerich"). (Petition, ¶ 2). Hollowell promptly reported the injury to his manager and completed an accident report. *Id.*, ¶ 3. The next day, Helmerich had Hollowell examined by a company physician, who diagnosed him with lumbosacral pain from a strain/spasm and released him to return to work without restrictions. *Id.*, ¶ 4.

Hollowell, however, notified Helmerich's "safety" person that he wished to exercise his right to see a physician of his choice, in accordance with the "Workers' Compensation Law." *Id.*, ¶ 5. Before he could do so, however, Helmerich terminated Hollowell's employment on the purported grounds that he had "quit." *Id.*, ¶ 6. A few days later, Hollowell's treating neurosurgeon diagnosed him with serious injury, including ruptured discs, that required surgery.

*Id.*, ¶ 7.

On August 4, 2023, Hollowell filed the instant suit against Helmerich in the 37th Judicial District Court for the Parish of Caldwell, State of Louisiana. (Petition). Hollowell contends that Helmerich fired him because he attempted to exercise his rights under the Louisiana Workers' Compensation Law ("LWCL"). Accordingly, he seeks relief under Louisiana Revised Statute § 23:1361, which authorizes a civil penalty of up to one year's wages, plus reasonable attorney's fees. *Id.*, ¶ 9, Prayer.

On September 5, 2023, Defendant Helmerich removed this matter to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. (Notice of Removal).

On September 29, 2023, Hollowell filed the instant motion to remand the case to state court in accordance with 28 U.S.C. § 1445(c), which prohibits removal of "[a] civil action in any State court arising under the workmen's compensation laws of such State . . ." He also invoked the equitable doctrine of judicial estoppel premised upon an inconsistent defense(s) asserted by Helmerich in its Answer.

Helmerich filed its opposition brief on October 23, 2023. (Def. Response [doc. # 18]).

Hollowell filed his reply brief on October 30, 2023. (Pl. Reply [doc. # 19]). Accordingly, the matter is ripe.

## Law and Analysis

A defendant may remove an action from state court to federal court, provided the action is one in which the federal court may exercise original jurisdiction. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)). The removing defendant bears the burden of establishing federal subject matter jurisdiction and ensuring compliance with the procedural requirements of removal. *Id*. Furthermore, "civil

2

actions filed in state court are generally removable to federal court *unless an Act of Congress expressly prohibits removal.*" *Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1118 (5th Cir. 1998) (emphasis added). Ultimately, the removal statutes are strictly construed in favor of remand. *Manguno, supra*.

In this case, the parties are of diverse citizenship, and the amount in controversy exceeds $75,000. *See* Notice of Removal. Therefore, the court plainly enjoys subject matter jurisdiction, via diversity, 28 U.S.C. § 1332. Nonetheless, 28 U.S.C. § 1445(c) provides that "a defendant may not remove a civil action *arising under* a state's workers' compensation laws." *Williams v. AC Spark Plugs Div. of Gen. Motors Corp.*, 985 F.2d 783, 786 (5th Cir. 1993) (emphasis added).[1] The Fifth Circuit has recognized that § 1445(c) "reflects a strong congressional policy that where the state court has been utilized by one of the parties in the state compensation machinery, the case should remain in the state court for its ultimate disposition." *Jones v. Roadway Exp., Inc.*, 931 F.2d 1086, 1091 (5th Cir. 1991) (quoting *Kay v. Home Indemnity Co.,* 337 F.2d 898, 902 (5th Cir. 1964)). This is because compensation cases "have little real business in federal court . . ." *Id*. In the end, § 1445(c) should be read broadly to further Congress's intent that all cases arising under a state's workers' compensation remain in state court. *Id*.

The Fifth Circuit has equated § 1445(c)'s "arising under" modifier with the definition of "arising under" that Congress employed in the federal question statute, 28 U.S.C. § 1331. *Jones, supra*. Thus, " '[a] suit *arises under* the law that creates the cause of action.' " *Id*.

---

[1] Section 1445(c)'s exception to the court's removal jurisdiction represents a procedural defect in the removal process that plaintiff must raise via motion to remand filed within 30 days of removal. *Id*. (citing 28 U.S.C. § 1447(c)). Here, Hollowell invoked § 1445(c)'s workers' compensation removal bar pursuant to the instant, timely filed motion to remand. Accordingly, the issue is properly before the court.

3

(quoting, *inter alia*, *Lowe v. Ingalls Shipbuilding,* 723 F.2d 1173, 1178 (5th Cir. 1984)) (emphasis added). Furthermore, the Supreme Court has held that a case "arises under" federal law within the meaning of § 1331, if the well-pleaded complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 689–90; 126 S.Ct. 2121, 2131 (2006) (quoting *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.,* 463 U.S. 1, 27–28, 103 S.Ct. 2841 (1983).

Therefore, converting and translating § 1331's definition of "arising under" into the § 1445(c) context produces the following definition: "[a] civil action arises under a state workmen's compensation law when either (1) the workmen's compensation law created the cause of action or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of workmen's compensation law." *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 202–03 (6th Cir. 2004). Under either construct, it is manifest that Hollowell's civil action arises under Louisiana's workers' compensation laws.

As stated above, Hollowell seeks recovery under Louisiana Revised Statute § 23:1361, which requires him to establish that filing a workers' compensation claim was "more probably than not" the reason for his termination. *Edwin v. Clean Harbors Envt'l. Servs. Inc.*, No. 22-30263, 2023 WL 4046275, at *5 (5th Cir. June 16, 2023), *cert. denied* 2023 WL 8007493 (Nov. 20, 2023) (citing, *inter alia*, *Claiborne v. Recovery Sch. Dist.*, 690 F. App'x 249, 260 (5th Cir. 2017)). However, "[i]f the employer gives a nondiscriminatory reason for the discharge, and presents sufficient evidence to prove more probably than not that the real reason for the employee's discharge was something other than the assertion of the workers' compensation claim, the plaintiff is precluded from recovery." *Id*. (citation omitted).

In his motion to remand, Hollowell remarked that, to resolve his suit, the court will have to decide such questions as whether he asserted a claim for workers' compensation benefits, whether he had a right to examination and treatment by a physician of his choice under the LWCL, whether Helmerich had the right to demand his return to work based on the opinion of its company physician, and whether Helmerich had the right to terminate Hollowell's employment when Hollowell refused to return to work. In its response brief, Helmerich declined to address these questions because they are "substantive" and pertain to Hollowell's "separate" claim for benefits under the LWCL. (Def. Response, pgs. 9-10).[2]

The undersigned disagrees. The foregoing issues require the court to resolve questions of workers' compensation law that are "substantial" and actually disputed. Indeed, in its Answer, Helmerich denied that Hollowell had a right to see a physician of his choice under the LWCL. (Answer, ¶ 5). It also denied that it terminated Hollowell for exercising his rights under the LWCL. *Id*., ¶ 6. Furthermore, Helmerich contends that Hollowell failed to exhaust his administrative remedies and failed to file a formal workers' compensation claim before filing his retaliatory discharge claim. *Id*., 12th Defense.

---

[2] According to Helmerich,

> on September 1, 2023, Plaintiff filed a separate claim for workers' compensation benefits with the Louisiana Office of Workers' Compensation related to the same alleged workplace injury Plaintiff contends occurred on March 7, 2023. Plaintiff's workers' compensation claim concerned a choice of physician issue. That administrative claim involved the same parties in this matter and was pending before the Louisiana Office of Workers' Compensation Administration, District 01E, bearing docket number 23-04429. However, the parties reached a resolution of the disputed issues in that proceeding. Accordingly, on September 26, 2023, Plaintiff filed a Voluntary Motion to Dismiss the claim, and on September 29, 2023, the Louisiana Office of Workers' Compensation dismissed the action without prejudice.

(Def. Response, pg. 3).

Helmerich also relies heavily on *Sampson v. Wendy's Management, Inc.*, wherein the Louisiana Supreme Court stated that "the cause of action created by LSA–R.S. 23:1361 constitutes a delictual employment law matter, as a statutory exception to employment at will, rather than a worker's compensation matter." *Sampson v. Wendy's Mgmt., Inc.*, 593 So.2d 336, 338-339 (La. 1992). Further, "the behavior prohibited by the statute is the violation by an employer of his statutorily imposed duty not to discriminate against worker's compensation claimants." *Id*. The court also noted that merely because § 23:1361 "appears in the Chapter on Worker's Compensation does not alone make the action a worker's compensation matter." *Id*.[3] Citing *Sampson*, at least one federal district court has held, without analysis, that § 1445(c) does *not* bar removal of an action for retaliatory discharge under § 23:1361. *Charles v. Transit Mgmt. of Se. Louisiana*, Civ. Action No. 94-2507, 1994 WL 479105, at *1 (E.D. La. Aug. 29, 1994).

Be that as it may, the construction of removal statutes is governed by federal law. *Jones*, 931 F.2d at 1092. Thus, state court decisions holding that a claim does not arise under a state's compensation laws does not resolve whether the claim arises under a state's compensation laws for purposes of § 1445(c). *Id*. In short, *Sampson* is not dispositive here.

In *Jones*, the Fifth Circuit considered whether § 1445(c) barred removal of a plaintiff's claim for retaliatory discharge in anticipation of filing a claim for workers' compensation benefits under then-Article 8307c of the Revised Civil Statutes of the State of Texas.[4] *Id*. In

---

[3] In *Sampson*, the court was called on to resolve whether a state district court had jurisdiction to entertain a cause of action under § 23:1361 in the wake of a constitutional amendment that "vested hearing officers of the Office of Worker's Compensation Administration with 'original, exclusive jurisdiction over all claims filed pursuant to the Worker's Compensation Act.' " *Sampson, supra*.

[4] "Tex. Rev. Civ. Stat. art. 8037c was repealed and recodified under Tex. Labor Code § 451.001,

6

answering this question in the affirmative, the Fifth Circuit emphasized that the Texas legislature enacted Article 8307c to safeguard its workers' compensation scheme because workers might refrain from filing claims for benefits or refuse to participate in compensation proceedings out of fear of retaliation. *Jones*, 931 F.2d at 1092. The court added that, absent workers' compensation laws, Article 8307c would not exist. *Id*.

Similarly, "[t]he purpose of La. R.S. 23:1361 is to prevent unjust dismissals and to allow employees to exercise their right to workman's compensation benefits without fear of retaliatory action by their employer." *Ducote v. J.A. Jones Const. Co.*, 471 So.2d 704, 707 (La. 1985). Therefore, like the Texas statute at issue in *Jones*, "Louisiana's retaliatory discharge statute was clearly enacted 'to safeguard its workers' compensation scheme.' " *Adams v. Nat'l Med. Enterprises, Inc.*, Civ. Action No. 92-1936, 1992 WL 202366, at *2 (E.D. La. Aug. 12, 1992). Further, just like Article 8307c, absent workers' compensation laws, there would be no need for § 23:1361. *See Jones, supra*.

In its brief, Helmerich goes to great lengths to attempt to distinguish § 23:1361 from Texas's Article 8307c. *See* Def. Response, pgs. 8-9. However, the purported distinctions prove illusory or irrelevant. For example, Helmerich asserts that former Article 8307c vests jurisdiction in Texas district courts, whereas § 23:1361 is not included in the original, exclusive jurisdiction of the worker's compensation judge, and, instead, any court of competent jurisdiction may hear a § 23:1361 claim. *See* La. R.S. §§ 23:1310.3(F) and 23:1361(E). However, the court does not appreciate how this distinction is material.

Helmerich further argues that § 23:1361 is broader than former Article 8307c because it protects activity beyond claims asserted for workers' compensation benefits under Louisiana law

---

effective September 1, 1993." *Sherrod*, 132 F.3d at 1118 n.2.

7

"to the law of any state or of the United States." *See* La. R.S. § 23:1361(A). While this might be Helmerich's best point, it is critically undermined by the fact that Hollowell did not seek benefits under the law of any other state or of the United States; rather, he sought to protect his rights under Louisiana's workers' compensation scheme. *See Adams, supra* ("[t]hat the statute also protects workers covered by statutes of other states and of the United States does not alter its clear primary purpose.").

Furthermore, Helmerich's argument that § 23:1361 is broader and more expansive than former Article 8307c is belied by Louisiana courts' recognition that § 23:1361 is penal in nature, and, therefore, must be strictly construed. *Nicholson v. Transit Mgmt. of Se. Louisiana*, 781 So.2d 661, 667 (La. App. 4th Cir. 2001). Moreover despite a similar burden-shifting framework, former Article 8307c (and its successor) provides *more* extensive relief than § 23:1361. *See Jones, supra*; Tex. Labor Code § 451.002 (West). Finally, consistent with the Louisiana Supreme Court's characterization of the cause of action created by § 23:1361 as a delictual matter in *Sampson,* the Texas Supreme Court has construed Texas's Article 8307c, which (again) was repealed and codified without substantive changes at Tex. Lab. Code § 451.001–003, as a cause of action that is in the "nature of an intentional tort." *Cont'l Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 453 (Tex. 1996).

In sum, under the present facts, the court finds no meaningful difference between § 23:1361 and former Texas Article 8307c. Therefore, pursuant to the Fifth Circuit's rationale in *Jones*, the undersigned is compelled to find that Hollowell's § 23:1361 claim "arises under" Louisiana's workers' compensation laws, and, thus, the civil action may not be removed to federal court. 28 U.S.C. § 1445(c); *Adams, supra*; *Gibson v. Wal-Mart Stores, Inc.*, Civ. Action No. 10-136, 2010 WL 1424406, at *3 (E.D. La. Apr. 6, 2010). Hollowell timely raised this

procedural defect in the removal process;[5] therefore, remand is required. 28 U.S.C. § 1447(c).[6]

## Conclusion

For the reasons detailed above,

IT IS RECOMMENDED that the motion to remand [doc. # 14] be GRANTED and that this matter be remanded to the 37th Judicial District Court for the Parish of Caldwell, State of Louisiana. 28 U.S.C. § 1447(c).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A party's failure to file written objections to the proposed findings, conclusions and**

---

[5] In its brief, Helmerich cited cases where federal courts exercised jurisdiction over § 23:1361 claims. However, there is no indication that the plaintiffs in those cases filed timely motions to remand under § 1445(c), and, thus, they remain inapposite. Helmerich also repeatedly cited Magistrate Judge Kay's decision in *Louisiana United Bus. Ass'n Cas. Ins. Co. v. J & J Maint., Inc.*, 133 F.Supp.3d 852, 863 (W.D. La. 2015). However, § 23:1361 was not implicated in that case. In any event, this court is obliged to give effect to the Fifth Circuit's interpretation of § 23:1361's materially indistinguishable counterpart under Texas law.

[6] Having determined that remand is required pursuant to § 1445(c), the court need not reach Hollowell's alternative judicial estoppel argument. Regardless, and Hollowell's citation to a contrary 1953 Third Circuit decision notwithstanding, one of the requirements of judicial estoppel, at least in *this* circuit, is that the party against whom estoppel is sought must have convinced a court to accept a prior, inconsistent position. *See Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 600 (5th Cir. 2005) (citation omitted). Hollowell concedes that the foregoing requirement is missing here.

**recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district judge.**

    In Chambers, at Monroe, Louisiana, on this 8th day of January, 2024.

*[Signature: Kayla Dye McClusky]*

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE